NO. **14 CI 004180**

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

GAIL FORBES, ADMINISTRATRIX OF
THE ESTATE OF LORRAINE C. FORBES,
DECEASED

PLAINTIFF

## COMPLAINT

KLONDIKE MANOR, LLC             DEFENDANT

Serve:   CSC-Lawyers Incorporating Service Company
         421 West Main Street
         Frankfort, Kentucky 40601

Comes the Plaintiff, Gail Forbes, Administratrix of the Estate of Lorraine C. Forbes, Deceased, and for her causes of action against the Defendants states as follows:

1. Gail Forbes brings this action pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

2. Gail Forbes is a resident of the Commonwealth of Kentucky.

3. Gail Forbes is the Administratrix of the Estate of Lorraine C. Forbes pursuant to the Order appointing her Administratrix, Jefferson District Court, Case Number 13-P-02225, and therefore brings this action on behalf of the Estate of Lorrraine C. Forbes. A copy of the Order appointing Administratrix dated December 10, 2013 is attached hereto marked as **Exhibit A**.

4. The Defendant, Klondike Manor, LLC is a foreign limited liability company organized in the State of Delaware, active and in good standing doing business for profit in the Commonwealth of Kentucky. The agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5. Lorraine Forbes was a patient of Klondike Manor from December 21, 2012 through March 21, 2013.

6. Lorraine Forbes was looking to the Defendant to receive care and treatment consistent with the applicable standard of care during her inpatient stay from December 21, 2012 through March 21, 2013.

7. Upon information and belief, at all times material to this action, Defendant, Klondike Manor, LLC, owned, operated, managed, controlled, and/or provided services for Klondike Manor in Louisville, Jefferson County, Kentucky.

8. Upon information and belief, Defendant, Klondike Manor, LLC, was at all times material to this action, "the licensee" of the nursing facility. Under the laws, regulations, promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Klondike Manor, LLC, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Klondike Manor, LLC, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Lorraine C. Forbes.

9. The Defendant, Klondike Manor, LLC, controlled the operation, planning, management, budget, and quality control of Klondike Manor. The authority exercised by Defendant over the nursing facility included, but was not limited to, control over marketing, human resources management, training, staffing, creation and implementation of all policies and procedures used by nursing facilities in Kentucky, federal or state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendant.

10. Jurisdiction and venue are proper in this Court.

11. At all relevant times mentioned herein, the Defendant, Klondike Manor, LLC, owned, operated, managed and/or controlled Klondike Manor, LLC, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

12. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

13. Defendant failed to discharge its obligations of care to Lorraine C. Forbes with a conscious disregard for her rights and safety. At all times mentioned herein, Defendant, through its corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Lorraine C. Forbes, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Klondike Manor, LLC.

14. Due to the wrongful conduct of Defendant, Lorraine C. Forbes suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

   a) Failure to prevent falls;

   b) Failure to prevent skin breakdown;

   c) Dehydration;

   d) Malnutrition;

   e) Failure to promote the dignity of Lorraine C. Forbes;

   f) Failure to timely respond to requests for care; and

g) Death.

## NEGLIGENCE

15. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 14 as if fully set forth herein.

16. Defendant, Klondike Manor, LLC, owed a non-delegable duty to Lorraine C. Forbes to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

17. Upon information and belief, Defendant Klondike Manor, LLC knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Lorraine C. Forbes.

18. Defendant Klondike Manor, LLC negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

   a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

   1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Lorraine C. Forbes, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

   2) ensuring compliance with the resident care policies for the facility; and

   3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

   b) Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

   c) Failure to provide the minimum number of qualified personnel to meet the total needs of Lorraine C. Forbes;

   d) Failure to maintain all records on Lorraine C. Forbes in accordance with accepted professional standards and practices;

e) Failure to ensure that Lorraine C. Forbes received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f) Failure to increase the number of personnel at the facility to ensure that Lorraine C. Forbes received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Lorraine C. Forbes's residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Lorraine C. Forbes:

   1) received timely and accurate care assessments;

   2) received prescribed treatment, medication and diet; and

   3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Lorraine C. Forbes in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

19. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Lorraine C. Forbes. With regard to each of the foregoing acts of negligence, Defendant Klondike

Manor, LLC acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Lorraine C. Forbes.

20. Pursuant to KRS 446.070, Plaintiff also alleges Defendant Klondike Manor, LLC violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Lorraine C. Forbes was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant Klondike Manor, LLC included, but is not limited to, violation(s) of the following:

    a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Lorraine C. Forbes;

    b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Lorraine C. Forbes, who was physically helpless or mentally helpless or permitting Lorraine C. Forbes, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury, placed Lorraine C. Forbes in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Lorraine C. Forbes.

    c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Lorraine C. Forbes, who was unable to care for herself because of his illness;

    d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

    e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

21.     As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Lorraine C. Forbes suffered the injuries described in Paragraph 18. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant Klondike Manor, LLC including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

22.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 21 as if fully set forth herein.

23.     Lorraine C. Forbes was looking to Defendant's facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Lorraine C. Forbes received was being rendered through employees of Defendant Klondike Manor, LLC and that any negligence associated with that treatment would render Defendant Klondike Manor, LLC responsible. Defendant or persons or entities under their control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Lorraine C. Forbes, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

24.     Defendant Klondike Manor, LLC owed a non-delegable duty to assist Lorraine C. Forbes in attaining and maintaining the highest level of physical, mental and psychological well-being.

25. Defendant Klondike Manor, LLC owed a duty to Lorraine C. Forbes to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

26. Defendant Klondike Manor, LLC owed a duty to Lorraine C. Forbes to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

27. Defendant Klondike Manor, LLC owed a duty to Lorraine C. Forbes to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Lorraine C. Forbes from danger due to her inability to care for herself. Defendant had a duty to protect Lorraine C. Forbes from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which his mental condition or aberration would suggest as likely to happen.

28. With regard to each of the foregoing acts of negligence, Defendant Klondike Manor, LLC acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Lorraine C. Forbes.

29. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Lorraine C. Forbes suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant Klondike Manor, LLC including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be

determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

30. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 29 as if fully set forth herein.

31. Defendant Klondike Manor, LLC violated statutory duties owed to Lorraine C. Forbes as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

32. The violations of the resident's rights of Lorraine C. Forbes include:

   a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d) Violation of the right to be free from abuse and neglect; and

   e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

33. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, Klondike Manor, LLC, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in

diversity of citizenship cases, as well as costs and attorney's fees.

34. With regard to the aforementioned violations of the Resident's Rights Act, Defendant Klondike Manor, LLC acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Lorraine C. Forbes and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant Klondike Manor, LLC in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

35. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 34 as if fully set forth herein.

36. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendant Klondike Manor, LLC caused the death of Lorraine C. Forbes by their wrongful conduct.

37. Lorraine C. Forbes suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Lorraine C. Forbes caused his family to suffer more than normal grief upon his death.

38. As a direct and proximate result of such the wrongful death suffered by Lorraine C. Forbes, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant Klondike Manor, LLC including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court

jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

39. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 38 as if fully set forth herein.

40. As a direct and proximate result of the negligence of Defendant, Klondike Manor, LLC as set out above, Lorraine C. Forbes suffered injuries including, but not limited to, those listed herein. As a result, Lorraine C. Forbes suffered embarrassment, physical impairment, and death.

41. Plaintiff seeks punitive and compensatory damages against Defendant Klondike Manor, LLC in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Gail Forbes, Administratrix of the Estate of Lorraine C. Forbes, Deceased, and on behalf of the wrongful death beneficiaries of Lorraine C. Forbes, prays for judgment against Defendants, jointly and severely, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 8th day of AUG, 2014.

_____
Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 584-5050
Attorney for Plaintiff

| | | |
|---|---|---|
| AOC-807   Doc. Code: CQ<br>Rev. 6-10<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice<br>www.courts.ky.gov | <br>CERTIFICATE<br>OF QUALIFICATION | Case No. 13P02225<br>Court _____ District _____<br>County _____ Jefferson _____ |

IN Re: Estate of Lorraine C. Forbes

Proper petition having been filed and the Court having appointed Gail Forbes _____

_____ as Administrator/Administratrix

of the above estate on the __2__ day of __December__, 2013, and the fiduciary having

filed in Court bond in the sum of $ __5,000.00__, the amount fixed, with __out__

_____ as surety,

which was approved by the Court, said fiduciary was thereupon duly sworn as required by law and thus qualified on the above date.

The above Order and Qualification is in full force and effect this __12-10-13__
                                                                     (Date)


Attest: _____ Clerk

CERTIFIED COPY OF RECORD
OF JEFFERSON DISTRICT COURT

By: __DAVID L. NICHOLSON, CLERK__
                              Deputy Clerk
BY _____ D.C.